JOHN M. LEE and MARIANNE G. LEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 6267-79.
United States Tax Court
T.C. Memo 1980-348; 1980 Tax Ct. Memo LEXIS 240; 40 T.C.M. (CCH) 1098; T.C.M. (RIA) 80348; August 28, 1980, Filed Marianne G. Lee, pro se. Alvin B. Sherron, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1975 in the amount of $913.10. The issue for decision is whether petitioners are entitled to deductions for employee business expenses, charitable contributions, and gasoline taxes in an amount in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who were living in Los Angeles, California, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1975. John M. Lee was a union representative during the year 1975. The *241 Wage and Tax Statement (Form W-2) attached to petitioners' return for the year 1975 showed that Mr. Lee received total wages from the International Longshoremen's & Warehousemen's Union, Local #26, of $16,101.18 and a "Car Allowance" from this same union local of $1,350.Marianne G. Lee was a college instructor during the calendar year 1975 and at the same time was doing graduate work. Her Wage and Tax Statement (Form W-2) attached to petitioners' return for the year 1975 shows that she received wages from the University of Southern California of $10,100 during the calendar year 1975. During the entire year 1975, Mrs. Lee was a member of the board of directors of the Plaza de la Raza. Plaza de la Raza is an organization to which contributions are deductible under section 170, I.R.C. 1954. [1] Plaza de la Raza did various types of counseling service and operated a Head Start project. During 1975 Mrs. Lee contributed three full days a month of volunteer work to Plaza de la Raza. Certain offices of Plaza de la Raza to which Mrs. Lee would drive to contribute her services are on the border of Los Angeles County and the Head Start program to which she contributed services is in Alhambra, *242 California. The distance that Mrs. Lee traveled in her personal automobile on each day that she contributed services to Plaza de la Raza was approximately 25 miles. Mrs. Lee drove approximately 870 miles during the year 1975 to contribute volunteer services to Plaza de la Raza. Mrs. Lee is bilingual. She often assisted various employees of the Plaza de la Raza by giving them advice in telephone conversations. Mrs. Lee sometimes received calls requesting information or advice directly connected with her volunteer work as a member of the board of Plaza de la Raza. Very often a call would be received from personnel at Plaza de la Raza for Mrs. Lee when she was away from home and the caller would leave a message requesting Mrs. Lee to return the call. Mrs. Lee would return the call on her personal telephone. Most of these returned calls that Mrs. Lee made entailed a toll charge. During 1975 Mrs. Lee also wrote a number of letters to various government agencies in connection with the problems being encountered at Plaza de la Raza. She supplied the stationary and postage for these letters from her personal funds. *243 Petitioners on their 1975 tax return claimed deductions of $6,106 as business expenses, $825 as charitable contributions, and $885 for payment of gasoline tax. Respondent in his notice of deficiency disallowed in part each of these deductions. The following schedule shows the amounts claimed by petitioners on their return to be deductible for the items above set forth and the amounts of these claimed deductions allowed by respondent in his notice of deficiency. Amount Claimed
Business Expenses
by Petitioners
Postage, printing,
mailing
$ 526
Automobile expenses
5,880
$ 6,106 [sic]
Amount Allowed
in Respondent's
Business Expenses
Notice of Deficiency
L.T.D. Lease
$2,088.48
Maintenance (L.T.D.)
54.33
Body work (L.T.D.)
100.00
Insurance (L.T.D.)
359.51
Gasoline
898.50
Auto expenses--wife
83.46
TOTAL
$3,584.28
Less Reimbursement
657.17
TOTAL (allowable)
$ 2,927.00 [sic]
Charitable
Amount Claimed
Contributions
by Petitioners
Pallotine missionaries
$ 25
Church of the Advent
375
YMCA
200
Saint Judes
50
Community Chest
50
Carry-over from prior years
125
TOTAL
$825
Amount Allowed
Charitable
in Respondent's
Contributions
Notice of Deficiency
Wilshire YMCA
$ 10
Church of Christian
Fellowship
10
Church
130
TOTAL
$150
*244 Amount Claimed
Amount Allowed
by Petitioners
by Respondent
as Deduction for
as Deduction for
Gasoline Taxes
Gasoline Taxes
$885
$45
At the trial petitioners filed an amendment to petition in which they claimed a deduction of $2,090.50 as a charitable contribution for Mrs. Lee's volunteer services to Plaza de la Raza and the Head Start agency. Petitioners computed the amount of this claimed deduction as follows: 25 mi travel 870 mi
130.50
$5/mo phone exp.
60.00
Stamps
5.00
Clerical supplies
100.00
290.50 [sic]
In kind professional services
at rate of $1,000/mo
36 days service in 1975
$1,800.00
& expenses
290.50 [sic]
$2,090.50
OPINION When this case was called from the calendar, Mrs. Lee requested that the trial be set for 4:00 p.m. on Thursday afternoon in order that Mr. Lee would be able to appear. The Court complied with Mrs. Lee's request but Mr. Lee did not appear at the trial. Mrs. Lee testified that Mr. Lee was 75 years old and was bitter because of the questioning of his tax return. She testified that she knew that in 1975 he ran for re-election as a union representative and that in this connection he spent *245 money. She stated that he entertained union members but she did not know how much he spent. Mrs. Lee testified that she had no receipts for any of the business expense deductions claimed on petitioners' return. She also testified that she had no receipts for any of the charitable contribution deductions claimed. She made no estimate from her memory as to the amounts of any of the charitable contributions made by petitioners to the organizations listed on their tax return. However, Mrs. Lee testified at some length about her services to Plaza de la Raza and the Head Start program. On the basis of this testimony, we conclude that Mrs. Lee did drive her personal automobile approximately 870 miles in 1975 to go to and from the places where she rendered volunteer services to Plaza de la Raza. Mrs. Lee made no showing of the cost of the gas and oil used by her in driving the 870 miles to render volunteer services to Plaza de la raza. However, respondent's Rev. Proc. 74-24, 1974-2 C.B. 477, applicable to the calendar year 1975, provides that in lieu of actual expenses for oil and gasoline, a taxpayer may elect to deduct 7 cents a mile for driving a personal automobile in connection *246 with rendering volunteer services to charitable organizations. Although the testimony with respect to the cost of Mrs. Lee's telephone calls and the amount she spent for postage and supplies in connection with her volunteer work at Plaza de la Raza is very sketchy, we conclude that she incurred some unreimbursed costs for these items. Using our best judgment, we conclude that petitioners' total cost for telephone toll calls, stamps, and supplies used in Mrs. Lee's volunteer work for Plaza de la Raza was $90 for the entire year 1975. See Cartan v. Commissioner, 30 T.C. 308, 321-322 (1958). While out-of-pocket expenses incurred by a taxpayer in rendering personal services to a charitable organization are deductible, the value of the service rendered in not deductible. Section 1.170A-1(g), Income Tax Regs.; Orr v. United States, 343 F.2d 553, 555 (5th Cir. 1965). We therefore conclude that petitioner is entitled to deduct $150.90 as charitable contributions to Plaza de la Raza in 1975 for the costs she incurred in rendering volunteer services to that organization. In all other respects, we sustain respondent's determination because of petitioners' *247 failure of proof. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the year in issue.↩